## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**FRANCIS MARX,**

    **Plaintiff,**

**vs.**                        **CASE NO.:**

**THE PRUDENTIAL
INSURANCE COMPANY OF
AMERICA,**

    **Defendant.**

_____ /

## COMPLAINT

COMES NOW the Plaintiff, FRANCIS MARX, ("Marx"), by and through the undersigned attorney, and sues the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") and alleges as follows:

## GENERAL ALLEGATIONS

1.    This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2.    This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3.    This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to take place. Benefits here were to be paid at Marx's home address in Port Saint Lucie, Florida. See Exhibit "A" attached hereto.

4.    Marx is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5.    Marx was an employee of Walgreen Co. ("Walgreen" or "Employer") and as such he was insured through a group disability policy issued to Walgreen by Prudential.

6.    The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

7.    The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8.    A copy of the applicable Plan document is in the possession of Prudential.

9.    Prudential is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

10.    Prudential denied and/or terminated Marx's claim finding that he was not disabled under the terms of the Plan.  Prudential's last denial letter is dated June 22, 2022.

11.    With respect to the claims made herein, Marx has exhausted his administrative remedies and/or exhaustion has been excused or is waived.

2

<u>**COUNT I**</u>
**(Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))**

Marx incorporates the allegations contained in paragraphs 1 through 11 above, and further states:

12.    The Plan provided for the payment of long term disability benefits in the event Marx became disabled as defined in the Plan.  The Plan also provided for the continuation of other benefits in the event of disability.  The other benefits are described with particularity in the applicable plan documents for those plans.

13.    Marx was and is disabled as defined by the Plan at all times material hereto.

14.    Marx made a claim for Plan benefits.  Said claim for benefits was terminated or denied.

15.    Marx is entitled to Plan benefits.

16.    Prudential has failed and refused to pay Marx sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

17.    Because of the failure to pay benefits pursuant to the terms of the Plan, Marx has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee.  Marx is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Marx, prays for relief from defendant, Prudential for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date:  July 28, 2022

_/s/Gregory D. Swartwood_
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
E-Mail:  gswartwood@nationlaw.com
Attorneys for Plaintiff

4